IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| A/S DAN-BUNKERING LTD., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 14-0297-CG-N |
| | ) | |
| M/V CENTRANS DEMETER, IMO | ) | |
| No. 9445174, her engines, freights, | ) | |
| apparel, appurtenances, tackle, | ) | |
| etc., *in rem*, | ) | |
| | ) | |
|     Defendant. | ) | |

## ORDER

A/S Dan-Bunkering Ltd. ("Plaintiff") initiated this maritime action on June 26, 2014, claiming it holds a maritime lien on the M/V Centrans Demeter, IMO No. 9445174 ("Vessel"). (Doc. 1). Based on this lien, Plaintiff asked the Court to authorize an arrest of the Vessel when it arrived in Mobile, Alabama. (Doc. 1, p. 6; Doc. 4). The Court granted Plaintiff's request, and on July 3, 2014, the U.S. Marshall arrested the Vessel. (Doc. 8). The Vessel's owner, Aries Shipping Co., Ltd. ("Aries"), subsequently moved the Court to vacate the arrest and release or reduce the security (Doc. 21), and dismiss the complaint. (Doc. 22). Plaintiff opposed the motions, and filed a motion for summary judgment. (Doc. 26). Aries responded and opposed the motion for summary judgment. (Doc. 33). Plaintiff then filed its reply to Aries' response. (Doc. 34).

After reviewing the initial motions, the Court denied the motions to vacate the arrest and dismiss the complaint, stayed the motion for summary judgment, and ordered supplemental briefing on the choice-of-law issues underlying the case. (Doc. 37, p. 16). Plaintiff and Aries filed their supplemental briefs and corresponding replies. (Docs. 38, 39, 42, 43).

## I. BACKGROUND

The Court previously summarized this breach of contract dispute and the unique nature of maritime liens for necessaries under U.S. law. (Doc. 37). In essence, Plaintiff helped fuel the Vessel in the port of Hong Kong and never received payment for doing so. (Doc. 27, pp. 5 – 7). Plaintiff is a company organized under the laws of Denmark. (Doc. 27, p. 5). Aries is a Hong Kong company. (Doc. 39, p. 1). The Vessel is flagged under the laws of Hong Kong. (Doc. 33, p. 11). The Vessel's charterer, Zhenhua International Shipping Co., Ltd. ("Zhenhua"), is a Chinese company. (Doc. 33, p. 11).

Plaintiff and Zhenhua entered into a bunker fuel agreement dated November 15, 2011 ("Bunker Contract"). (Doc. 27, Exh. 1, pp. 6 – 7). Aries is not a party to the Bunker Contract, nor did it participate in contract negotiations. (Doc. 27, Exh. 1, pp. 6 – 7; Doc. 39, p. 2). The Bunker Contract stated: "Our General Terms and Conditions of March 2010, which are known to you, are to apply. Copy available on request and on our homepage www.dan-bunkering.com." (Doc. 27, pp. 5 – 6; Doc. 27, Exh. 1, p. 7). The General Terms and Conditions contain a choice-of-law clause. That clause

reads:

> 16.1 The Bunker Contract shall be governed by the laws of
> Denmark. However, the choice of law is for the sole benefit of
> the Seller and the Seller may apply and benefit from any law
> granting a maritime lien and/or right to arrest the Vessel in any
> country as stipulated in Section 9 hereof. (Doc. 27, Exh. 1, p. 15).

The relevant portion of Section 9 reads:

> 9.1 … The Seller is entitled to rely on any provisions of law of
> the flag state of the Vessel, the place of delivery or where the
> Vessel is found and shall, among other things, enjoy full benefit
> of local rules granting the Seller maritime lien in the Vessel
> and/or providing for the right to arrest the Vessel. Nothing in
> this Bunker Contract shall be construed to limit the rights or
> legal remedies that the Seller may enjoy against the Vessel or
> the Buyer in any jurisdiction. (Doc. 27, Exh. 1, p. 13)

Pursuant to the Bunker Contract, Plaintiff helped provide fuel for the

Vessel on November 18, 2011. (Doc. 27, p. 4; Doc. 39, p. 2). Plaintiff then

invoiced Zhenhua and the Vessel $593,484.00 for the fuel. (Doc. 27, p. 4; Doc.

27, Exh. 1, p. 19). The Vessel went on its way. Zhenhua made some payments

for the fuel but never paid Plaintiff in full. (Doc. 27, p. 4; Doc. 27, Exh. 2, p.

30). When the Vessel sailed into Mobile, Alabama on July 1, 2014, Plaintiff

had it arrested to enforce a maritime lien. (Docs. 4, 8, 9). Plaintiff claims it

holds a maritime lien for necessaries pursuant to U.S. law based on the

choice-of-law clause set forth above. (Doc. 27, pp. 7, 10 – 11).

After reviewing the motions and the Bunker Contract, the Court

decided it could not "begin its inquiry by assuming the contract is governed

by U.S. law and the choice-of-law clause is part of the contract. Instead, the

Court must first determine which country's laws govern contract

formation….” (Doc. 37, p. 11). As a result, the Court ordered supplemental

briefing on the choice-of-law questions, and the doctrine of *forum non*

*conveniens*. (Doc. 37, p. 16). In the supplemental briefing, Plaintiff argues

recent federal court decisions confronting similar maritime claims are

compellingly persuasive, and U.S. law should similarly apply to its maritime

claim. (Doc. 38, pp. 2 – 5). Aries argues Hong Kong law governs questions

related to contract formation, as Hong Kong is the place with the most

significant relationship to the transaction at issue. (Doc. 39, pp. 2 – 3). Aries

further argues that the need to apply foreign law favors dismissing the case

under a *forum non conveniens* analysis. (Doc. 39, pp. 14 – 17).

## II. ANALYSIS

First, the Court must determine the choice-of-law issue and decide

which country's laws control contract formation. If United States law is

applicable, the Court may not dismiss the case on *forum non conveniens*

grounds. If, however, foreign law is applicable, then the Court can exercise

discretion in determining whether a *forum non conveniens* dismissal is

appropriate. See Perez & Compania (Cataluna), S.A. v. M/V Mexico I, 826

F.2d 1449, 1452 (5th Cir. 1987) (using *forum non conveniens* to dismiss action

for nonpayment of fuel supplied in Spain and used on a maritime voyage from

Spain to the United States); Forsyth Int'l (U.K.) Ltd. v. SS Penavel, 630 F.

Supp. 61, 64 (S.D. Ga. 1985) aff'd sub nom. Forsyth Int'l v. SS Penavel, 786

F.2d 1180 (11th Cir. 1986) (applying *forum non conveniens* to case involving

maritime liens for necessaries).

### A. Determining the Law Governing Contract Formation

The Court must consider several factors to determine which country's

laws control the formation of the Bunker Contract. See, e.g., Lauritzen v.

Larsen, 345 U.S. 571, 583 – 92 (1953) (listing seven factors to consider for

admiralty choice-of-law issues in tort cases). Generally, for a maritime

contract choice-of-law dispute, courts look for the sovereign with the "most

significant relationship" to the transaction at issue. Dresdner Bank AG v.

M/V Olympia Voyager, 446 F.3d 1377, 1382 (11th Cir. 2006). This is done by

examining (a) the place of contracting; (b) the place of negotiation; (c) the

place of performance; (d) the locus of the subject matter of the contract; and

(e) the domicile of the parties. Id. Additionally, the Restatement (Second) of

Conflicts of Law, Chapter One, Section Six, contains factors that courts

should consider in any choice-of-law analysis. Dresdner Bank AG, 446 F.3d at

1383. These factors are: (a) the needs of the international system; (b) the

relevant policies of the forum (here, U.S. law regarding maritime liens); (c)

the relevant policies of other interested states; (d) the protection of justified

expectations; (e) the policy underlying the field of law in question; (f) the

interest in predictability and uniformity; and (g) the ease in determining and

applying the relevant law. RESTATEMENT (SECOND) CONFLICTS OF LAW, Ch.

1, § 6 (1971).

Using the "most significant relationship" test, Hong Kong law controls

issues related to Bunker Contract formation. The parties to the Bunker Contract, Plaintiff and Zhenhua, negotiated the contract terms in Hong Kong and China. (Doc. 39, p. 4). The order confirmation identified the port of Hong Kong as the place of performance. (Doc. 27, Exh. 1, p. 6). The subject matter of the Bunker Contract, both the fuel and the Vessel, are tied to Hong Kong. Plaintiff is a Danish company; Zhenhua is a Chinese company; Aries, though not a party to the Bunker Contract, is a Hong Kong Company. The Vessel carried the Hong Kong flag.

Additionally, the Restatement factors do not favor applying U.S. law. Only two of the Restatement factors, the relevant policies of the forum (factor (b)), and the ease in determining and applying the relevant law (factor (g)), clearly weight in favor of applying U.S. law. The needs of the international system (factor (a)), and the relevant policies of other interested states (factor (c)), weigh in favor of applying Hong Kong law. The remaining factors do not weigh significantly in favor of one country's laws over the other.

In sum, the facts involved do not warrant applying U.S. law to resolve Bunker Contract formation issues. Moreover, seizing the ship in Alabama does not by itself require application of U.S. law. The Court therefore finds Hong Kong law controls questions concerning the formation of the Bunker Contract, and the incorporation of the choice-of-law clause contained in the General Terms and Conditions.

**B. *Forum Non Conveniens***

When a district court is faced with applying foreign law, it must
examine the traditional considerations of *forum non conveniens* in
determining whether dismissal is appropriate. *Forum non conveniens* is the
doctrine that an appropriate forum – even though competent under the law –
may divest itself of jurisdiction if, for the convenience of the litigants and
witnesses, it appears that the action should proceed in another forum in
which the action might have been brought in the first place. Piper Aircraft
Co. v. Reyno, 454 U.S. 235, 257 – 60 (1981). Application of foreign law does
not require dismissal, but "the need to resolve and apply foreign law should
point [the trial court] towards dismissal." Sigalas v. Lido Maritime, Inc., 776
F.2d 1512, 1519 (11th Cir. 1985) (internal quotations omitted). "The party
seeking to have a case dismissed based on *forum non conveniens* 'must
demonstrate that '(1) an adequate alternative forum is available, (2) the
public and private factors weigh in favor of dismissal, and (3) the plaintiff can
reinstate [its] suit in the alternative forum without undue inconvenience or
prejudice.'" Membreno v. Costa Crociere S.p.A., 425 F.3d 932, 937 (11th Cir.
2005) (quoting Leon v. Million Air, Inc., 251 F.3d 1305, 1311 (11th Cir.
2001)).

Analyzing the private factors first, there is almost no United States
interest in this lawsuit. No party is a United States citizen, nor did any of the
events of this suit (except the seizure of the Vessel) occur in the United

States. The Vessel does not appear to sail in U.S. waters often. Zhenhua, a

Chinese company, chartered the Vessel from Aries, a Hong Kong company.

Zhenhua bought bunker fuel in Hong Kong from Plaintiff, a company

registered in Denmark that does business in China. (Doc. 39, p. 4). The

parties, witnesses, and documents are primarily in Hong Kong. Indeed, the

only private interest that supports applying U.S. law is the presumption in

favor of Plaintiff's choice of forum, though Plaintiff is not a citizen, resident,

or corporation of this country. Wilson v. Island Seas Investments, Ltd., 590

F.3d 1264, 1270 (11th Cir. 2009) ("This presumption in favor of the plaintiffs'

initial forum choice in balancing the private interests is at its strongest when

the plaintiffs are citizens, residents, or corporations of this country.").

Regardless of Plaintiff's foreign affiliation, the other interests on the scale

strongly outweigh its choice of forum.

The "private interests" favor dismissing this suit, but some deference

must also be given to the "public interests" at stake. See Esfeld v. Costa

Crociere, S.P.A., 289 F.3d 1300, 1311 (11th Cir. 2002) (noting the federal

*forum non conveniens* analysis should include inquiry into private and public

interests); see also Dresdner Bank AG, 446 F.3d at 1383 (discussing related

policy considerations and governmental interest analysis). "[I]n deciding

whether a case should be dismissed because a foreign jurisdiction is more

suitable, federal courts necessarily must analyze the interest that the foreign

country has in the dispute." Esfeld, 289 F.3d at 1312. The events leading to

this dispute occurred mostly in Hong Kong. The port of Hong Kong is one of the busiest ports in the world, and Hong Kong presumably wants to ensure that parties doing business there receive fair and lawful treatment. Hong Kong, therefore, has an interest in having the controversy decided within its borders.

Before a court dismisses an action for *forum non conveniens*, it must ensure, at the time of dismissal, that there is an available alternative forum for the continuation of the suit in which the plaintiff may pursue an adequate remedy. Piper Aircraft, 454 U.S. at 255 n. 22. The Court should not retain jurisdiction simply because the remedy available in an alternative forum is less substantively generous. Id. at 249–55. In maritime cases, federal courts have deemed Hong Kong (and Denmark) adequate alternative forums. Veba-Chemie A.G. v. M/V Getafix, 711 F.2d 1243, 1249 (5th Cir. 1983); Cook v. Champion Shipping AS, 732 F. Supp. 2d 1029, 1038 (E.D. Cal. 2010) aff'd, 463 F. App'x 626 (9th Cir. 2011). Although Hong Kong law does not recognize maritime liens for necessaries, its legal system recognizes causes of action for breach of contract, open accounts, and other maritime claims. (Doc. 39, p. 15). Denmark law also allows such claims. (Doc. 39, p. 15).

Plaintiff nevertheless argues, "this Court is the proper and only forum to resolve Plaintiff's claims." (Doc. 43, p. 11). For purposes of *forum non conveniens*, Plaintiff conflates available *claims* and available *remedies*. See Piper Aircraft, 454 U.S. at 254 (discussing remedies available in the alternate

9

forum). Plaintiff wishes to enforce a maritime lien for furnishing necessaries, a particular and unique claim under U.S. maritime law. If Plaintiff cannot bring this claim, it does not mean Plaintiff is left without remedies. The Hong Kong court may find, for example, that the choice-of-law clause is validly incorporated into the Bunker Contract, and that a maritime lien does exist. Or the Hong Kong court may find Zhenhua acted as an agent and bound Aries to the contract, including the General Terms and Conditions. Or the Hong Kong court may determine the choice-of-law clause does not apply to Aries. Or the Hong Kong court may fashion an alternative remedy under its substantive contract and maritime laws. Because Plaintiff can seek a remedy in Hong Kong, the Court finds Hong Kong is an adequate alternative forum to resolve this dispute.

It is not apparent, however, whether Hong Kong is an "available" forum. Aldana v. Del Monte Fresh Produce N.A., Inc., 578 F.3d 1283, 1290 (11th Cir. 2009) (the foreign court must be able to "assert jurisdiction over the litigation sought to be transferred" to be considered "available"). The parties do not say clearly whether Plaintiff can bring an immediate action in Hong Kong (or alternatively, Denmark). The parties do not address whether this action is time barred, and Aries has not expressly agreed to waive any statutes of limitations or submit itself to the jurisdiction of a Hong Kong court to resolve matters pertaining to the Bunker Contract. Zhenhua is not a party to this action, so its status is unclear. (Doc. 27, pp. 5 – 8). Plaintiff does

not address these issues. (Doc. 43, pp. 9 – 10). The Court therefore finds that Aries must waive any limitations or jurisdictional defenses it may have to make Hong Kong an available forum.

In this case, the primary issue concerns Hong Kong law, the private and public interests favor dismissal, and there is an alternative forum better suited to handle the facts alleged. Dismissing the action will allow the parties to file the suit in a more convenient forum. Accordingly, this action is dismissed on the basis of *forum non conveniens*.

The dismissal, however, is conditioned on Aries agreeing to proceed with the action in Hong Kong. Conditional dismissals are permissible in *forum non conveniens* cases. See, e.g., Ford v. Brown, 319 F.3d 1302, 1310 (11th Cir. 2003) (discussing conditional dismissal if defendant waives jurisdiction and limitations defenses, and another court ultimately exercises jurisdiction over the case); Sigalas, 776 F.2d at 1522 (affirming dismissal order conditioned expressly on the appellees' agreement to proceed in Greek court); Alcoa S. S. Co. v. M/V Nordic Regent, 654 F.2d 147, 148 (2d Cir. 1980) (en banc, affirming conditional dismissal of an admiralty action on *forum non conveniens* grounds). Conditioning the dismissal does not destroy finality, nor does it leave the case pending in the District Court. Leon v. Millon Air, Inc., 251 F.3d 1305, 1316 (11th Cir. 2001).

### III. CONCLUSION

After careful consideration, Plaintiff's motion for summary judgment is **DENIED.** This action is **DISMISSED** under the doctrine of *forum non conveniens* on the condition that Aries submit itself to the jurisdiction of Hong Kong as discussed above. The dismissal is without prejudice, and Plaintiff may reinstitute the proceeding upon Aries' default. The Clerk is directed to retain the posted security until the Court is notified that Plaintiff and Aries have satisfied the conditions incident to this dismissal.

**DONE and ORDERED** this 31st day of March, 2015.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE